UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

STEPHAN THADDEUS KOZIKOWSKI,

    Plaintiff,

v.                                       CAUSE NO. 3:20-CV-539-DRL-MGG

MATT HASSEL *et al.*,

    Defendants.

OPINION & ORDER

Stephan Thaddeus Kozikowski, a prisoner without a lawyer, filed a complaint. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted). Under 28 U.S.C. § 1915A, the court must still review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim, or seeks monetary relief against an immune defendant. To state a 42 U.S.C. § 1983 claim, a plaintiff must allege "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

In the complaint, Mr. Kozikowski alleges that, on December 20, 2019, he informed correctional staff at the Marshall County Jail regarding his emphysema condition and his prescriptions for Advair and albuterol inhalers. He explained his condition to medical staff and submitted medical requests but received no response. When Mr. Kozikowski submitted grievances, Jailer Holcomb responded that his medical requests were not on file and that he had no medical orders for an inhaler and advised him to ask his family members for assistance. By May 2020, Mr. Kozikowski's condition had deteriorated, and coughing made it difficult for him to function. On May 30, Dr. Tchaptchet offered Mr. Kozikowski prednisone instead of Advair, but Mr. Kozikowski refused due to his

discomfort with taking an unfamiliar medication. For his claims, he seeks money damages and injunctive relief.

Mr. Kozikowski asserts claims against Jailer Holcomb and Dr. Tchaptchet. Because Mr. Kozikowski is a pretrial detainee, the court must assess his claims under the Fourteenth Amendment instead of the Eighth Amendment. *See Mulvania v. Sheriff of Rock Island Cty.*, 850 F.3d 849, 856 (7th Cir. 2017). "[T]he Fourteenth Amendment's Due Process Clause prohibits holding pretrial detainees in conditions that amount to punishment." *Id.* "A pretrial condition can amount to punishment in two ways: first, if it is imposed for the purpose of punishment, or second, if the condition is not reasonably related to a legitimate goal—if it is arbitrary or purposeless—a court permissibly may infer that the purpose of the government action is punishment." *Id.* A pretrial detainee can "prevail by providing only objective evidence that the challenged governmental action is not rationally related to a legitimate governmental objective or that it is excessive in relation to that purpose." *Kingsley v. Hendrickson*, 135 S. Ct. 2466, 2473 (2015). Giving Mr. Kozikowski the inferences to which he is entitled at this stage of the proceedings, the complaint suggests that Jailer Holcomb and Dr. Tchaptchet were aware of his emphysema condition but did not take reasonable measures to promptly address it. The facts may turn out differently, but for now Mr. Kozikowski's complaint states a plausible Fourteenth Amendment claim against Jailer Holcomb and Dr. Tchaptchet.

Mr. Kozikowski also names Sheriff Hassel as a defendant. "It is well established that there is no *respondeat superior* liability under § 1983." *Gayton v. McCoy*, 593 F.3d 610, 622 (7th Cir. 2010). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007). Because Mr. Kozikowski doesn't describe how Sheriff Hassel was personally involved with his claims, he may not proceed against him on a claim for money damages.

Mr. Kozikowski seeks appropriate medical treatment for his emphysema condition. For prisoner cases, the court has limited authority to order injunctive relief. *Westefer v. Neal*, 682 F.3d 679

(7th Cir. 2012). Specifically, "the remedial injunctive relief must be narrowly drawn, extend no further than necessary to correct the violation of the Federal right, and use the least intrusive means necessary to correct the violation of the Federal right." *Id.* Mr. Kozikowski may proceed on this claim; but, injunctive relief, if granted, will be limited to requiring correctional officials to provide medical treatment as required by the Fourteenth Amendment. Sheriff Hassel has both the authority and the responsibility to ensure that Mr. Kozikowski receives the medical treatment to which he is entitled under the Fourteenth Amendment. Therefore, he may proceed on this claim against Sheriff Hassel in his official capacity.

For these reasons, the court:

(1) GRANTS Stephan Thaddeus Kozikowski leave to proceed on a Fourteenth Amendment claim for money damages against Jailer Holcomb and Dr. Tchaptchet for allegedly inadequately addressing his emphysema condition at the Marshall County Jail;

(2) GRANTS Stephan Thaddeus Kozikowski leave to proceed on an injunctive relief claim against Sheriff Hassel in his official capacity to obtain the medical treatment for his emphysema condition to which he is entitled under the Fourteenth Amendment;

(3) DISMISSES all other claims;

(4) DIRECTS the clerk and the United States Marshals Service to issue and serve process on Sheriff Hassel, Jailer Holcomb, and Dr. Tchaptchet at the Marshall County Jail with a copy of this order and the complaint (ECF 1) as required by 28 U.S.C. § 1915(d); and

(5) ORDERS, pursuant to 42 U.S.C. § 1997e(g)(2), Sheriff Hassel, Jailer Holcomb, and Dr. Tchaptchet to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which Stephan Thaddeus Kozikowski has been granted leave to proceed in this screening order.

SO ORDERED.

July 7, 2020                                              *s/ Damon R. Leichty*
                                                          Judge, United States District Court